**UNITED STATES of America, Plaintiff,**

v.

**Leon L. BRADDY, Mary Lou Braddy, and the State of Oregon, Defendants.**

**Civ. No. 70–707.**

United States District Court, District of Oregon.

Jan. 14, 1971.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Sp. Asst. U. S. Atty., Portland, Or., for plaintiff.

Richard F. Deïch, Deich, Deich & Hinton, Portland, Or., for defendants Braddy.

Lee Johnson, Atty. Gen. of Oregon, L. I. Lindas, Asst. Atty. Gen., and Counsel for the State Highway Commission, Frank C. McKinney, Asst. Atty. Gen. and Asst. Counsel for the State Highway Commission, Salem, Or., for defendant State of Oregon.

## OPINION

ALFRED T. GOODWIN, District Judge:

The United States seeks declaratory and injunctive relief concerning an administrative interpretation of relocation rights of persons claiming, under the Federal-Aid Highway Act of 1968, 23 U.S.C. §§ 501–511, to be "displaced" by a federal highway project.

In October of 1967, Leon Braddy and his wife bought a two-family dwelling in Multnomah County. They subsequently heard rumors that the house lay in the path of the proposed Mt. Hood Freeway. Because of financial reverses the Braddys had difficulty meeting their mortgage payments. They attempted to obtain refinancing of their loan. Apparently because of the impending highway project, refinancing was not available. The Braddys moved out of the house October 12, 1968.

Some six months after the Braddys moved, public hearings were held pursuant to 23 U.S.C. § 128, 23 C.F.R., Pt. 1, Appendix A, para. 10d. Thereafter, the State of Oregon, through its Highway Commission, formally designated the freeway route. The designated route did cross the Braddy property. The Braddys on September 22, 1969, received from the State Highway Commission their first official notice that the state intended to take their property. This notice came eleven months after they had moved.

The Braddys in due course filed an application with the Bureau of Public Roads for a relocation payment under the Federal-Aid Highway Act of 1968. The application was denied on the grounds that the Braddys were not "displaced persons" within the meaning of Section 511 of the Act. After having exhausted their administrative remedies, the Braddys filed in the state court an action against the State Highway Commission. The United States obtained an injunction against further proceedings in the state court pending a determination in this court of the proper interpretation of the federal statutory language. No disputed questions of fact remain. The only question is one of law. The government has moved for summary judgment.

The Federal-Aid Highway Act of 1968, 23 U.S.C. § 511(3), defines a "displaced person" entitled to relocation payments as one who moves from real property as a result of its acquisition or with a "reasonable expectation" of its acquisition by the state. Paragraph 17(c) of the Department of Transportation's Instructional Memorandum 80–1–68 to the states defines moving with "reasonable expectation" as moving after notification by the state highway department of imminent acquisition or after the location of the highway has been definitely established and approved by the state agency.

The Braddys urge that the agency interpretation of "reasonable expectation" is overly restrictive in light of the broad congressional purpose to assist property owners displaced by federal highway construction. 23 U.S.C. § 501. They argue that when the homeowner is officially notified of the acquisition of his property as required by the administrative interpretation there is no longer merely a "reasonable expectation," but a virtual certainty that the property will be taken. The Braddys argue that the beneficial purpose of the statute is thwarted by a regulation that in effect eliminates the element of "reasonable expectation."

Congress has given the Secretary of Transportation the power to make reasonable rules and regulations. 23 U.S.C. § 510. Under these rules, Instructional Memorandum 80–1–68 limits the power of the State Highway Commission to decide whether a given case falls within the meaning of "reasonable expectations."

In light of the practical problems of administering such a program, a fixed beginning date for eligibility would be highly desirable. Uniformity in the application of federal law also is desirable, and the challenged regulation is designed to achieve uniformity on a nationwide basis.

On the other hand, an arbitrary beginning date could exclude from eligibility for relocation payments some applicants who might well fall within the remedial purposes Congress had in mind in enacting the statute. While in some cases it might be administratively difficult to determine whether a claimant moved because of "a reasonable expectation," or because of rumor, gossip, or personal reasons unrelated to the purpose of the Act, administrative inconvenience is not an excuse for avoiding a difficult decision.

■ The agency charged with the administration of the law is entitled to establish reasonable guidelines in order to achieve both uniformity and the results for which the statute was enacted. Such guidelines should, however, avoid arbitrary cut-off dates that elevate administrative convenience over legislative intent.

■ If the Highway Commission makes a decision after a weighing of evidence and an exercise of discretion in determining whether a particular move meets the statutory requirement, such an agency decision should be overturned only upon a showing that it was not based on evidence. But where, because of an arbitrary rule, the State Highway Commission did not examine into the facts or make an informed decision on the issue of "reasonable expectations,"

the decision is reviewable on its legal sufficiency.

■ The Department of Transportation's administrative interpretation of "reasonable expectations" appears to be too Procrustean to serve the legislative intent. I am of the opinion that Congress intended the proper state agency to weigh each case on its own merits. The Department of Transportation's interpretation may be a proper guideline to assist the state agencies, but it should be only one consideration and should not have the force of law.

The motion for summary judgment is denied, and the injunction against the state-court proceeding is vacated. The action is dismissed without prejudice to the right of the government to seek further relief if it can prove in fact that the Braddys' decision to change homes was based upon reasons other than those contemplated in the remedial legislation.